UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CASEY L. CLARK<br>2280 West River Rd., Apt. D3<br>Elyria, Ohio 44035<br><br>*On behalf of herself and all others similarly situated,*<br><br>           Plaintiff,<br><br>   *v.*<br><br>TALK OF THE TOWN CONTRACT SERVICES LLC<br>c/o Statutory Agent Reginald Baugh<br>3609 W. Alexis Rd. Ste. 214<br>Toledo, Ohio 43623<br><br>     and<br><br>REGINALD BAUGH<br>3609 W. Alexis Rd. Ste. 214<br>Toledo, Ohio 43623<br><br>          Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Casey L. Clark, by and through counsel, for her Class and Collective Action Complaint against Defendants Talk of the Town Contract Services LLC and Reginald Baugh (hereinafter also collectively referred to as "Defendants" or "Talk of the Town"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Talk of the Town Contract Services LLC and Reginald Baugh that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").

3. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Casey L. Clark was a citizen of the United States and a resident of Lorain County, Ohio.

8. Defendant Talk of the Town is an Ohio for-profit limited liability company[1] with its principal place of business in Toledo, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Talk of the Town's statutory agent for service of process is Defendant Reginald Baugh, 3609 W. Alexis Rd. Ste. 214, Toledo, Ohio 43623.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/4355779 (last accessed July 16, 2021).

9. Defendant Reginald Baugh is, upon information and belief, a citizen of the United States and a resident of the state of Ohio. Defendant Reginald Baugh is an owner, operator,[2] and senior partner[3] of Defendant Talk of the Town Contract Services LLC.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. Talk of the Town is a "company providing dietary, laundry, and housekeeping services for assisted living, nursing and rehabilitation facilities across Ohio. Talk of the Town specializes in environmental services for nursing homes, assisted living centers, and rehabilitation facilities."[4] Talk of the Town's website indicates locations across the State of Ohio, including in Canton, Cincinnati, Cleveland, Columbus, Dayton and Toledo.[5]

11. Talk of the Town utilizes dietary technicians, dietary managers and other food service workers and other workers with similar job titles and/or positions ("dietary workers") to provide these services for assisted living, nursing and rehabilitation facilities across the State of Ohio.

### Defendants' Statuses as Employers

12. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111 and employed non-exempt employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

13. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[2] https://www.linkedin.com/in/reggie-baugh-70998382 (last accessed July 16, 2021).
[3] https://www.tottservices.com/food-service-for-nursing-homes-oh (last accessed July 16, 2021).
[4] https://www.tottservices.com/ (last accessed July 16, 2021).
[5] *Id.*

3

14. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16. Defendant Reginald Baugh is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Talk of the Town Contract Services LLC, "in relation to employees," including Plaintiff and other members of the FLSA Collective and Ohio Class. Defendant Reginald Baugh is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Talk of the Town's day-to-day functions, including the compensation of employees.

17. Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

**Plaintiff's, the FLSA Collective's, and Ohio Class's
Non-Exempt Employment Statuses with Defendants**

18. Plaintiff Casey L. Clark was employed by Defendants from approximately August 2018 to July 2021 as a dietary manager. Defendants classified Plaintiff as an independent contractor, and (since approximately June, 2019) paid Plaintiff a biweekly salary of $1,250.00, or $625.00 per workweek.

19. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

4

20. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

21. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included handling and operating equipment and accessories that were manufactured and distributed in interstate commerce that were necessary for Defendants' commercial purpose. In addition, Plaintiff and other members of the FLSA Collective and Ohio Class use instruments of interstate commerce, including telecommunications systems, in their jobs.

### Defendants' Misclassification of Plaintiff and Other Members of the FLSA Collective and Ohio Class as Independent Contractors

22. Talk of the Town, in violation of the FLSA and Ohio law, classifies many of its employees as so-called "independent contractors." Through this misclassification, Defendants knowingly, willfully, and deliberately fail to compensate Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation at at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

23. In fact, Plaintiff and Defendants' other dietary workers are employees of Defendants according to the standards applicable under the FLSA and Ohio law and are entitled to overtime compensation.

24. Defendants have a high degree of control over the manner in which dietary workers perform their job duties.

25. Dietary workers do not exert control over any meaningful part of Defendants' business operations and do not stand as a separate economic entity from Defendants. Defendants exercise control over all aspects of the employment relationship with dietary workers.

26. Defendants control the work their dietary workers perform, the hours and schedule during which they perform that work and the manner in which they perform their duties. Talk of the Town penalizes workers if they fail to adhere to their rules and requirements.

27. Dietary workers' opportunities for profit or loss are established unilaterally by Defendants; any opportunities dietary workers have to earn remuneration are unilaterally determined and controlled by Defendants.

28. Dietary workers do not have an opportunity for greater profits based on their management and/or technical skills. Moreover, dietary workers cannot modify their fee amount in order to maximize their profit. Dietary workers cannot renegotiate compensation throughout the employment relationship with Talk of the Town or Talk of the Town's customers.

29. Defendants require Plaintiff and other members of the FLSA Collective and Ohio Class to perform their duties under the guidelines, policies, and procedures set by Defendants. Dietary workers are not permitted to charge different prices based on other factors, such as their work experience, demand, or availability outside Talk of the Town.

30. Likewise, Talk of the Town unilaterally determines the amounts its dietary workers are paid and unilaterally changes that amount from time to time.

31. As a matter of economic reality, Defendants' dietary workers are economically dependent on Defendants.

32. Dietary workers work for Defendants and are not in business for themselves.

33. Defendants' capital investments and expenditures substantially outweigh any expenditures required on the part of Plaintiff and other members of the FLSA Collective and Ohio Class.

34. Defendants' dietary workers perform work that is integral to Defendants' primary, regular business of the operation of Talk of the Town. Defendants are in the business of providing dietary services to Talk of the Town's clients. Talk of the Town's "primary purpose" is in fact to provide dietary and related services to clients.

35. Defendants have knowledge of hours worked and duties performed by Plaintiff and other members of the FLSA Collective and Ohio Class.

36. Dietary workers are dependent upon Talk of the Town to perform their job duties.

37. Defendants have a far more significant role than dietary workers in drawing customers to Talk of the Town's services.

38. Defendants' opportunity for profits and risk of loss are much greater than dietary workers', if any.

39. Defendants' dietary workers typically work full time for Defendants, and frequently work more than forty (40) hours per workweek.

40. Dietary workers work for Defendants in comparatively low-paying jobs, and typically hold their positions with Defendants for long periods of time.

41. Dietary workers are under the direct supervision and control of Defendants' supervisors and managers. As described above, Defendants' supervisors and managers closely monitor dietary workers. Defendants' supervisors and managers supervise the work duties of Plaintiff and other members of the FLSA Collective and Ohio Class to make sure their job performance is of sufficient quality as determined by Defendants.

42. Defendants instruct dietary workers how, when and where they are to perform their duties.

43. Defendants conduct initial interviews and intense vetting procedures for dietary workers and hire dietary workers at the sole discretion of Talk of the Town.

44. Among other things, as a result of the requirements imposed by Defendants, dietary workers are limited in their ability to work for other companies or operate independent businesses or it is impracticable to do so. Because of Defendants' policies and the nature of dietary workers' employment and work duties, dietary workers are unable to have other means of full-time employment. Dietary workers' work for Talk of the Town regularly consumed the normal workweek of full-time employees.

45. Talk of the Town interviews, supervises, directs, disciplines, reprimands, and performs other duties of an employer. Talk of the Town hires/fires dietary workers at will, and dietary workers' employments are not temporary nor have a fixed end-date. Talk of the Town performs functions associated with that of an employer with regard to an employee.

46. Most onerously, Talk of the Town requires "independent contractor" dietary workers to agree to pay Talk of the Town approximately $5,000.00 if they perform work for Talk of the Town's customers independent of Talk of the Town. If a dietary worker does not continue to work with Defendants, but instead decides to work for another third party, the dietary worker will be charged approximately $5,000.00 and/or their paychecks will be withheld by Defendants. Defendants routinely threaten to withhold paychecks and/or file lawsuits against dietary workers if they attempt to compete with Talk of the Town as a means of control of their dietary workers.

**Defendants' Failure to Pay Plaintiff and Other Members
of the FLSA Collective and Ohio Class Overtime Hours**

47. The FLSA and Ohio law required Defendants to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

48. During their employments with Defendants, Plaintiff and other members of the FLSA Collective and Ohio Class were required to work overtime, more than forty (40) hours per workweek. For example, Plaintiff Clark regularly worked 45 to 55 hours per workweek for Defendants. However, through their unlawful "independent contractor" misclassification policy and practice, Defendants did not pay overtime compensation to employees at one and one-half times their "regular rate" of pay.

49. Moreover, effective January 1, 2020, to qualify as an exempt salaried worker, employees meeting the "duties test" under section 13(a)(1) of the FLSA must also be compensated on a salary basis at a rate of not less than $684.00 per week. 29 CFR § 541.600; *see* 29 CFR §§ 541.100 (executive employees), 541.200 (administrative employees);[6] O.R.C. § 4111.03 (incorporating FLSA standards). Prior to January 1, 2020, to qualify as an exempt salaried worker, employees meeting the "duties test" under section 13(a)(1) of the FLSA were required to be compensated on a salary basis at a rate of not less than $455.00 per week.

50. Defendants, in violation of the FLSA and Ohio overtime law, paid Plaintiff and other members of the FLSA Collective and Ohio Class a salary amount less than the salary basis requirements of the FLSA and Ohio law. As noted above, Defendants classified Plaintiff as an independent contractor, and (since approximately June, 2019) paid Plaintiff a biweekly salary of

---

[6] The final rule is available at https://www.federalregister.gov/documents/2019/09/27/2019-20353/defining-and-delimiting-the-exemptions-for-executive-administrative-professional-outside-sales-and. (last accessed July 16, 2021).

9

$1,250.00, or $625.00 per workweek – less than the $684.00 per week salary basis requirement beginning January 1, 2020.

51. Effective January 1, 2020, Defendants' salaried employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, were required to be paid a salary basis at a rate of not less than $684.00 per week, or $455.00 per week prior to January 1, 2020. As a result of Defendants' unlawful practices and policies, Defendants were disqualified from paying a set salary amount regardless of the hours worked. Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and Ohio Class in an amount at least the minimum salary basis requirement entitles these workers to overtime compensation for all overtime hours suffered or permitted to work for Defendants.

52. Moreover, although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not paid overtime for their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

53. Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

**Defendants' Record Keeping Violations**

54. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

55. Defendants failed to keep accurate records of hours worked of misclassified employees. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

56. Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

57. The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

### COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

60. The FLSA Collective consists of:

All current and former dietary technicians, dietary managers and other food service workers and other workers with similar job titles and/or positions of Talk of the Town Contract Services LLC from three years preceding the commencement of this action to the present who (1) were paid a weekly amount less than $684.00 during any one or more workweek since January 1, 2020 to the present, or were paid a weekly amount less than $455.00 during any one or more workweek prior to January 1, 2020, and (2) were not paid overtime compensation in the amount of one and one-half times the worker's regular rate of pay for all hours worked over forty (40) in any workweek during which they were paid less than $684.00 since January 1, 2020, or less than $455.00 prior to January 1, 2020.

61. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

62. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

63. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of 40 or more persons. Such persons are readily

identifiable through the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and regulations thereunder that have the force of law.

## CLASS ACTION ALLEGATIONS

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All current and former dietary technicians, dietary managers and other food service workers and other workers with similar job titles and/or positions of Talk of the Town Contract Services LLC from two years preceding the commencement of this action to the present who (1) were paid a weekly amount less than $684.00 during any one or more workweek since January 1, 2020 to the present, or were paid a weekly amount less than $455.00 during any one or more workweek prior to January 1, 2020, and (2) were not paid overtime compensation in the amount of one and one-half times the worker's regular rate of pay for all hours worked over forty (40) in any workweek during which they were paid less than $684.00 since January 1, 2020, or less than $455.00 prior to January 1, 2020.

66. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of 40 or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

67. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of overtime compensation;

13

> Whether Defendants misclassified Plaintiff and other dietary workers as independent contractors;
>
> Whether Defendants failed to pay Plaintiff and other dietary workers the minimum salary basis amounts; and
>
> Whether Defendants denied employees overtime compensation under Ohio law where, among other things, employees were not paid wages for their overtime hours worked.

68. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

69. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

70. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

72. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

74. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

75. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

76. Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

77. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

78. As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated

damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

79. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of herself and other members of the FLSA Collective and Ohio Class.

81. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

82. Defendants' failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

83. These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

84. Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.     Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

                                                                  Respectfully submitted,

                                                                  *s/ Ryan A. Winters*
                                                                  Joseph F. Scott (0029780)
                                                                  Ryan A. Winters (0086917)
                                                                  Kevin M. McDermott II (0090455)
                                                                  SCOTT & WINTERS LAW FIRM, LLC
                                                                  The Caxton Building
                                                                  812 Huron Rd. E., Suite 490
                                                                  Cleveland, OH 44115
                                                                  P: (216) 912-2221 | F: (216) 350-6313
                                                                  jscott@ohiowagelawyers.com
                                                                  rwinters@ohiowagelawyers.com
                                                                  kmcdermott@ohiowagelawyers.com

                                                                  *and*

                                                                  *s/ Mark W. Biggerman*
                                                                  Mark W. Biggerman (0064092)
                                                                  29325 Chagrin Blvd., Suite 305
                                                                  Pepper Pike, Ohio 44122

(216) 831-4935
(216) 831-9526 {fax}
mark@mblegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)