IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CASEY CLARK,** | **CASE NO. 1:21-CV-01369-PAB** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **TALK OF THE TOWN CONTRACT SERVICES, LLC, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motion for Default Judgment filed by Plaintiff Casey Clark ("Plaintiff" or "Clark") on November 8, 2021, seeking default judgment solely as to liability against Defendant Reginald Baugh ("Baugh") under Rule 55(b) (the "Motion") (Doc. No. 15.) For the following reasons, Plaintiff's Motion is GRANTED.

I.  **Factual Background and Procedural History**

On July 16, 2021, Clark filed a Class and Collective Action Complaint on behalf of herself and all others similarly situated against Defendants Baugh and Talk of the Town Contract Services, LLC ("TTCS"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.01, *et seq.* (Doc. No. 1 at ¶¶ 72-84.) Although Clark originally filed her Complaint as a collective and class action, in her Motion she asserts that she "has decided to abandon class/collective relief in this matter and seeks judgment solely on her claims against [Baugh] as to liability for the purposes of this motion."[1] (Doc.

---

[1] The Court has amended the case caption on this Memorandum Opinion and Order to remove the mention of "*On behalf of herself and all others similarly situated*," which otherwise appears on Clark's Complaint. Clark has abandoned her

No. 15 at PageID# 64.) Accordingly, the Court will evaluate the Motion solely with regard to Clark's claims and Baugh's liability.[2]

Baugh is an "owner, operator, and senior partner" of TTCS. (Doc. No. 1 at ¶ 9.) Clark alleges that Baugh is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," TTCS, "in relation to [an] employee[]." (*Id.* at ¶ 16.) Moreover, Baugh is also alleged to be an employer pursuant to R.C. § 4111, who had operational control over significant aspects of TTCS's day-to-day functions, including employee compensation. (*Id.*) TTCS provides dietary, laundry, and housekeeping services for assisted living, nursing, and rehabilitation facilities across Ohio and utilizes dietary technicians, managers, and other food service workers to provide these services. (*Id.* at ¶¶ 10-11.) Clark was employed by Defendants from approximately August 2018 to July 2021 as a dietary manager and was classified as an independent contractor. (*Id.* at ¶ 18.) Since June 2019, Clark was paid a biweekly salary of $1,250.00, or $625.00 per workweek. (*Id.*)

Clark alleges that she was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. §§ 4111.01, *et seq.*, who was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207. (*Id.* at ¶¶ 19-20.) Clark further alleges that TTCS classifies many of its employees as independent contractors and that "[t]hrough this misclassification, Defendants knowingly, willfully, and deliberately fail[ed] to compensate [Clark]" at the rate of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per

---

class/collective claims and the instant Motion seeks default judgment on her individual claims solely as to Baugh's liability.

[2] Clark requests leave "to file an appropriate motion as to damages including attorney fees once liability is established against all Defendants, including Defendant [TTCS,] who has answered Plaintiff's Complaint." (Doc. No. 15 at PageID# 64.)

workweek. (*Id.* at ¶¶ 22.) Clark avers that she regularly worked 45 to 55 hours per workweek, but because of the "unlawful 'independent contractor' misclassification policy and practice," she was not paid overtime compensation at the appropriate rate. (*Id.* at ¶ 48.) Clark also alleges that Defendants, including Baugh, "failed to keep accurate records of hours worked of misclassified employees." (*Id.* at ¶ 55.) Moreover, Clark maintains that Defendants knew that she was entitled to overtime compensation under federal and state law or acted in reckless disregard for whether she was entitled to it. (*Id.* at ¶ 56.)

The docket reflects that Clark served the summons and Complaint upon Baugh via service by the Clerk of Court through U.S. mail on September 27, 2021, pursuant to Local Rule 4.2(c). (Doc. No. 12; *see also* Doc. No. 15-3 (Decl. of Kevin McDermott) at ¶ 7.) The docket also reflects that Baugh has thus far failed to file an answer to the Complaint within the appropriate timeframe. Thereafter, Clark filed an Application for Entry of Default against Baugh under Fed. R. Civ. P. 55(a) on November 8, 2021 (Doc. No. 16), which the Clerk entered that day, also mailing a copy of the entry of default to Baugh. (Doc. No. 17.) The same day that the Clerk entered default against Baugh, Clark filed the instant Motion. (Doc. No. 15.) As Baugh is in default and has thus far failed to respond to the lawsuit, there has been no Opposition filed thereto. Accordingly, the Motion is ripe for a decision.

II.  **Standard of Review**

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *P&G Health & Longterm Disability Plan v. Molinary*, No. 1:18-cv-283, 2019 WL 358936, at *1 (S.D. Ohio Jan. 29, 2019)

(quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010)). Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. CIV A 206-CV-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); see also *P&G Health & Longterm Disability Plan*, 2019 WL 358936, at *1.

### III. Analysis

Upon review of the record in this case, the Court finds that default judgment as to Baugh's liability is warranted. Baugh's failure to respond to the Complaint, entry of default, or Motion for Default Judgment has made it clear that Baugh has no intention of defending this action. The Court accepts the allegations set forth in the Complaint as true and, therefore, finds that Baugh is liable under the FLSA and the OMFWSA.

### A. Clark's Employment Status as to Defendant Baugh

First, the Court finds that Baugh is liable as an employer of Clark under the FLSA and OMFWSA. "The Sixth Circuit uses the 'economic reality' test to determine 'whether a person is an employer responsible for FLSA obligations.'" *Becker v. Sam Gildersleeve & Son Plumbing, Inc.*, No. 1:20-cv-2359, 2021 WL 4348260, at *1 (N.D. Ohio Sept. 24, 2021) (quoting *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995)). Under this test, "a corporate officer who has operational control of the corporation's covered enterprise is an employer under FLSA, along with the corporation itself." *Id.* (quoting *Cole Enterprises*, 62 F.3d at 778). Clark alleges that TTCS is a covered enterprise (Doc. No. 1 at ¶¶ 13-15) and that Baugh is the "owner, operator, and senior partner" of TTCS. (Doc. No. 1 at ¶ 9.) Baugh was an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," [TTCS], "in relation to employees," including Clark. (*Id.* at ¶ 16.) Moreover, Baugh "exercised the power to hire or fire employees; supervised and controlled the employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or w[as] required to maintain records, including employment records." (*Id.* at ¶ 17.)

The Court finds Baugh to be liable as an employer under the FLSA. For example, "[o]ne who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA." *Cole Enterprises*, 62 F.3d at 778. Moreover, Baugh is liable under the OMFWSA. *See, e.g.*, *Stargel v. Lewaro Constr., Inc.*, No. 3:16-cv-47, 2017 WL 3600431, at *3 (S.D. Ohio Aug. 17, 2017) ("There is no significant difference between how 'employer' . . . [is] defined under the OMFWSA vis-a-vis the FLSA . . . and

FLSA and OMFWSA claims are analyzed 'in a unitary fashion.'" (citing *Douglas v. Argo-Tech. Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997)).

Having established Baugh's liability as an employer, the Court next determines Baugh's liability for Clark's unpaid wages under the relevant statutes.

**B.      Defendant Baugh's Failure to Pay Overtime Wages**

Under the FLSA and OMFWSA, employers such as Baugh are required to pay overtime to non-exempt employees at a rate of one and one-half times the regular rate for all hours worked in excess of 40 during a single workweek. 29 U.S.C. § 207; R.C. § 4111.03. Clark alleges that she was not exempt from the overtime requirements. (Doc. No. 1 at ¶¶ 18-20; 47-53.) That is, Clark was misclassified as an independent contractor when in reality she was an employee. (*Id.* at ¶ 23.) Baugh had a high degree of control over the manner in which Clark performed her job duties and Clark did not exert control over any meaningful part of Baugh's business operations, nor did she stand as a separate economic entity from Baugh. (*Id.* at ¶¶ 24-25.) Baugh controlled Clark's work, the hours and schedule during which she performed the work, and the manner in which she performed her duties. (*Id.* at ¶ 26.) Clark sets forth other aspects of her employment relationship with Baugh that indicate her employee status. (*See id.* at ¶¶ 27-46.)

Moreover, effective January 1, 2020, to qualify as an exempt salaried worker, employees meeting the 'duties test' under Section 13(a)(1) of the FLSA must also be compensated on a salary basis at a rate no less than $684.00 per week. (Doc. No. 1 at ¶ 49; 29 C.F.R. § 541.600.) Baugh "classified [Clark] as an independent contractor, and (since approximately June, 2019) paid [her] a biweekly salary of $1,250.00, or $625.00 per workweek," which is less than the $684.00 per week salary basis requirement beginning January 1, 2020. (*Id.* at ¶ 50.) In a Declaration attached to her

Motion, Clark avers that while she worked five days a week (around 45 to 55 hours per workweek) at the beginning of her employment, her job duties and requirements increased to the point that she regularly worked six to seven days a week with no days off, in excess of 55 to 60 hours per workweek. (Doc. No. 15-1 at ¶ 9.) Clark alleges that although she worked more than 40 hours per workweek, Baugh failed to pay her overtime at the appropriate rate of one and one-half times the regular rate of pay for hours worked over 40. (*Id.* at ¶ 52.) Further, Clark avers that Baugh knew or acted in reckless disregard that she was entitled to overtime compensation. (*Id.* at ¶ 56.)

Taking Clark's well-pleaded allegations as true, the Court finds that Clark has established Baugh's liability for failure to pay the appropriate amount of overtime in accordance with the FLSA and OMFWSA.

## IV. Conclusion

Plaintiff's Motion for Default Judgment Against Defendant Reginald Baugh as to Liability (Doc. No. 15) is GRANTED. Default judgment as to liability only is entered in Plaintiff's favor against Defendant Baugh. Plaintiff shall be permitted to establish damages pertaining to Defendant Baugh at the time liability is determined as to appearing Defendant Talk of the Town Contract Services, LLC. Accordingly, Plaintiff shall file a motion for costs and attorneys' fees within fourteen (14) days after this Court's entry of judgment as to Defendant Talk of the Town Contract Services, LLC.

**IT IS SO ORDERED.**

Date: February 8, 2022

                                                      *s/Pamela A. Barker*
                                                     PAMELA A. BARKER
                                                     U.S. DISTRICT JUDGE