UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASEY L. CLARK, | ) CASE NO. 1:21-cv-01369 |
| | ) |
| *On behalf of herself and all others similarly situated,* | ) JUDGE PAMELA A. BARKER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TALK OF THE TOWN CONTRACT SERVICES LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **EXHIBIT 1: SECOND DECLARATION OF PLAINTIFF CASEY L. CLARK**

I, Casey L. Clark, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my personal knowledge, information, and belief:

1. I am over eighteen years old and competent to make the following representations. I am the Plaintiff in the above-captioned case.

2. Scott & Winters Law Firm, LLC filed this matter on July 16, 2021.

3. I incorporate by reference the allegations in the Complaint in this matter as if fully referenced in this declaration. I further incorporate by reference the allegations in the prior declaration I filed pertaining to the liability of Defendant Reginald Baugh as if fully referenced in this declaration. (*See* ECF #15-1.)

4. This case was filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.*, against Defendants Talk of the Town Contract Services LLC and Reginald Baugh.

Case: 1:21-cv-01369-PAB  Doc #: 26-1  Filed:  03/30/22  2 of 4.  PageID #: 174

2

5. Based on my information and belief, Defendants are not infants, incompetent or presently in the military service of the United States.

6. Defendant Talk of the Town Contract Services LLC is a "company providing dietary, laundry, and housekeeping services for assisted living, nursing and rehabilitation facilities across Ohio. Talk of the Town specializes in environmental services for nursing homes, assisted living centers, and rehabilitation facilities" – as provided on its website as of March 30, 2022 - https://www.tottservices.com/.

7. Defendants Talk of the Town Contract Services LLC and Reginald Baugh jointly employed me. I was misclassified by Defendants as an "independent contractor." Since approximately June, 2019 I was paid a biweekly salary of $1,250.00, or $625.00 per workweek. For example, attached to my prior declaration as Exhibit A (ECF #15-2) is an example bank statements summary print-off that show that I was paid a biweekly salary of $1,250.00, or $625.00 per workweek. I was paid the $625.00 weekly salary no matter the number of overtime hours I worked.

8. The $625.00 weekly salary was based on a standard 40-hour workweek. Specifically, I was told by Talk of the Town Contract Services LLC at the start of my employment that the salary paid was based on a standard 40-hour workweek. However, I regularly worked significantly more hours than 40 each workweek, including after January 1, 2020 and until the end of my employment on or about June 1, 2021.

9. My work consumed the normal workweek of a full-time employee. During my employment, I was regularly required to work overtime, more than forty (40) hours per workweek.

2

10. On approximately 30% of my workdays, I would work a "regular shift" and arrive at the workplace and begin working at approximately 8:15 a.m. and leave the workplace after completing my job duties at approximately 5:30 p.m. On approximately 50% of my workdays, I would work an afternoon/evening shift and arrive at the workplace and begin working at approximately 11:00 a.m. and leave the workplace after completing my job duties at approximately 7:30 p.m. Finally, on approximately 20% of my workdays, I would work a double shift and arrive at the workplace and begin working at approximately 5:30 a.m. and leave the workplace after completing my job duties at approximately 7:30 p.m.

11. I worked five days a week for Defendants, approximately 45 to 55 hours per workweek, or an average approximately 50 hours per workweek, from January 1, 2020 to approximately January 15, 2021.

12. Towards the end of my employment, from approximately January 15, 2021 to June 1, 2021, I regularly worked 6-7 days a week for Defendants, frequently with no off days. During this time, from approximately January 15, 2021 to June 1, 2021, I worked in excess of 55 – 60 hours per workweek, or an average of 57.5 hours per workweek.

13. My last day of employment with Defendants was approximately June 1, 2021.

14. I was not paid time and one half for any of my hours over 40 hours.

15. Wages earned for work performed, including overtime wages, remain unpaid.

16. Defendants' failure to pay me overtime wages every workweek was in willful disregard of the FLSA, and the Ohio Wage Acts.

17. Below is a summary of my reasonably estimated damages based upon documents and information in my possession as of the date of this declaration, in addition to costs and attorneys' fees.

| Time Period | Weeks | Weekly Average Hours Worked | Weekly Average Overtime Hours Worked | Regular Rate (Based on $625 Salary) | Overtime Damages Each Workweek (at 1.5x the Regular Rate) | Total Overtime Damages (Workweeks x Damages Each Workweek) | Liquidated Damages | Total Damages |
|---|---|---|---|---|---|---|---|---|
| January 1, 2020 - January 15, 2021 | 54.3 | 50 | 10 | $15.63 | $234.50 | $12,733.35 | $12,733.35 | **$25,466.70** |
| January 15, 2021 - June 1, 2021 | 19.6 | 57.5 | 17.5 | $15.63 | $410.38 | $8,043.35 | $8,043.35 | **$16,086.70** |
| | | | | | | **TOTALS** | | **$41,553.40** |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Mar 29, 2022

Casey Clark (Mar 29, 2022 17:36 EDT)

Casey L. Clark

4